**GROTNES MACHINE WORKS, INC., Plaintiff,**

v.

**Johann T. HESS et al., Defendants.**

No. 80 C 2374.

United States District Court, N. D. Illinois, E. D.

Sept. 17, 1980.

Alvin D. Shulman, Allen H. Gerstein, Merriam, Marshall & Bicknell, Chicago, Ill., for plaintiff.

Stephen M. Slavin, James S. Montana, Jr., Charles W. Deuser, II, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Grotnes Machine Works, Inc. ("Grotnes"), a manufacturer of complex machines, filed a four–count complaint based on the alleged misappropriation of certain trade secrets and proprietary information by defendants Johann T. Hess ("Hess") and Hess Engineering, Inc. ("HEI"). Defendants have moved to stay Grotnes' discovery until Grotnes specifies further the information it seeks. For the reasons stated in this memorandum opinion and order, this action is dismissed on the Court's own motion.

### Facts

Grotnes is a corporation that designs, manufactures and markets a large variety of metal forming machinery and systems. From 1967 until January 1976 Grotnes employed Hess in various engineering positions, culminating in his promotion to manager of engineering. At the time of his employment Hess had executed an agreement requiring him to maintain the confidentiality of all information relating to Grotnes' business. When Hess left Grotnes' employ, HEI (a corporation formed by Hess before leaving) entered into competition with Grotnes in the design, manufacture and sale of similar goods.

Count I of the Complaint alleges a breach of a July 14, 1976 agreement in which Hess agreed not to use a broad range of Grotnes' confidential information Hess had acquired while employed at Grotnes (Hess had taken certain confidential documents with him when he left Grotnes). Count II alleges a purported conspiracy in restraint of trade among Hess, HEI, another Grotnes ex–employee and some former Grotnes customers. Counts III and IV allege unfair competition, conversion and unjust enrichment based on the misuse of the proprietary information Hess acquired while employed at Grotnes.

### Lack of Federal Jurisdiction

Although from the Court's analysis of the issues defendants' motion to stay discovery is clearly without merit, that issue cannot be reached under the circumstances presented here. It is the Court's obligation to deal *sua sponte* with jurisdictional issues even though they have not been raised by the parties.

■ Count I of the Complaint purports to be grounded on diversity of citizenship. Because Grotnes and HEI are alleged to be Illinois corporations, complete diversity is lacking—and so is this Court's jurisdiction for that reason.

■ Counts III and IV are common law counts sounding in unfair competition, conversion and unjust enrichment. Under fundamental principles, this Court cannot take cognizance of those claims unless this Court otherwise has federal jurisdiction to which such counts can be pendent.

### Absence of Valid Antitrust Claim

■ This leaves us with Count II, an alleged claim under the antitrust laws. There Grotnes charges that its proprietary information, developed at a great deal of cost, gives Grotnes a lawful advantage over its competitors who lack such information. Grotnes alleges that it is at a competitive disadvantage with respect to any competitors (like defendants, Grotnes alleges) who obtain such proprietary information without having to incur the costs Grotnes has already borne.

Defendants have allegedly conspired with another former Grotnes employee and with former Grotnes customers to obtain and use Grotnes' proprietary information without paying for it. This, it is said, unlawfully gives defendants a competitive edge as against Grotnes and other competitors who lack the proprietary information. Grotnes then takes the quantum leap of charging:

Defendants have thereby unlawfully restrained competition in the market for said machinery and systems in the United States, thereby injuring [Grotnes] in its business or property . . . . .

But Grotnes' conclusion is a total *non sequitur.* Defendants' conduct, though it may have been unlawful vis–a–vis Grotnes,

is clearly pro–competitive and not anti–competitive. There has been no *restraint* of competition because of HEI's claimed ability to price itself favorably in the market. This conclusion follows *a fortiori* from the approach underlying the Supreme Court's decision in *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 488, 489, 97 S.Ct. 690, 697, 698, 50 ·L.Ed.2d 701 (1977):

> But the antitrust laws are not merely indifferent to the injury claimed here. At base, respondents complain that by acquiring the failing centers petitioner preserved competition, thereby depriving respondents of the benefits of increased concentration. The damages respondents obtained are designed to provide them with the profits they would have realized had competition been reduced. The antitrust laws, however, were enacted for "the protection of *competition*, not *competitors*," *Brown Shoe Co. v. United States*, 370 U.S. [294] at 320, 82 S.Ct. [1502] at 1521, 8 L.Ed.2d 510. It is inimical to the purposes of these laws to award damages for the type of injury claimed here.

> \* \* \* \* \* \*

Plaintiffs must prove *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation.

There is no element of monopolization or attempted monopolization by defendants charged here—an unlikely prospect in any event, given the facts as alleged in the Complaint.

### Conclusion

Grotnes may well have causes of action against defendants, but on the facts alleged here they may not be asserted in this Court. This action is dismissed for want of jurisdiction as to Count I, for failure to state a claim as to Count II, and for the absence of a valid federal claim to which Counts III and IV may be pendent.